UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON, NEW JERSEY

**UNITED STATES OF AMERICA**                    CR12-467(MLC)

**vs.**

                                                **ORDER FOR DISCOVERY**
**ESVIN QUINONEZ-MAZARIEGOS**                   **AND INSPECTION**


In order to eliminate unnecessary motions for discovery in this case, to eliminate delays in the presentation of evidence and the examination of witnesses, and to expedite the trial pursuant to the provisions of the Speedy Trial Act of 1974,

**IT IS ORDERED:**

1. Conference.  Within ten (10) days from the date hereof, the attorneys representing the United States and the defendant shall meet and confer to seek to resolve any discovery issues prior to the filing of motions, and the United States shall permit the defendant to inspect, and shall permit defendant to photograph or copy, or shall furnish a photograph or copy of:

(a) All statements of the defendant required to be produced under Rule 16(a)(1)(A), Fed. R. Crim. P.

(b) Defendant's prior criminal record as required by Rule 16(a)(1)(B), Fed. R. Crim. P.

(c) All documents and tangible objects required to be produced under Rule 16(a)(1)(C), Fed. R. Crim. P.

(d) All reports of examination and tests required to be produced under Rule 16(a)(1)(D), Fed. R. Crim. P.

(e) All summaries of expert witnesses' testimony, required to be produced under Rule 16(a)(1)(E), Fed. R. Crim. P. The summaries provided shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

(f) Any material evidence favorable to the defense related to issues of guilt, lack of guilt or punishment which is known or that by the exercise of due diligence may become known to the attorney for the United States, within the purview of Brady v. Maryland and its progeny.

(g)  If there is more than one defendant named in the indictment, and if the United States intends to introduce into evidence in its case-in-chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the United States must make a copy of that statement or confession available to counsel for the non-declarant defendant, along with a proposal for its redaction to conform with the requirements of Bruton v. United States. If the government makes no such disclosure and turnover within the time period

allowed, the confession may not be received at a joint trial of

the declarant and non-declarant defendants, If, within ten (10)

days after receipt of the confession and its redacted version,

counsel for the non-declarant defendant makes no objection to the

redacted statement, the defendant will be deemed to have acceded

to the receipt of the  redacted statement into evidence.

(h) A defendant who receives discovery pursuant to this

Order shall be deemed to have requested such disclosure for the

purpose of triggering defendant's reciprocal discovery obligations

under Rule 16(b), Fed. R. Crim. P.  The defendant shall have ten

(10) days from its receipt of discovery from the United States to

produce its reciprocal discovery.

(i) Any defendant intending to offer a defense of alibi

or  insanity or mental condition shall comply with the

requirements of Fed. R. Crim. R. 12.1 and 12.2, Fed. R. Crim. P.

2.   Disclosure Declined.  If, in the judgment of the United

States Attorney, in order to protect the identity of a

confidential informant or undercover agent, to prevent

interference with an ongoing investigation, or to otherwise serve

the integrity of the criminal proceeding, or to otherwise serve

the interest of justice, any disclosure set for in paragraph 1

hereof should not be made, disclosure may be declined, and defense counsel advised in writing of the declination with five (5) days of the conference.

If the defendant seeks to challenge the declination he may move the Court for relief in the following manner:

(a)  No later than ten (10) court days from the time that the government declines, the defendant shall file a motion for discovery and inspection.

(b)  The motion shall conform to the schedule set forth in paragraph 12 of this Order, unless otherwise ordered by the Court.

(c)  The motion shall set forth: (1) the statement that the prescribed conference was held; (2) the date of the conference; (3) the name of the attorney for the United States with whom the conference was held; (4) the matters which were agreed upon; and (5) the matters which are in dispute and which require the determination of the Court.

(d) In responding to any such motion, the United States must show good cause for the declination of discovery, and in doing so may invoke the provisions of Fed. R. Crim. P. 16(d)(1).

3. Rule 404(b) Evidence. The United States shall provide notice to the defense of all evidence it intends to offer of other

crimes, wrongs of acts within the meaning of Rule 404(b) of the

Federal Rules of Evidence, not less than ten (10) calendar days

prior to the date of trial, except that for good cause shown, the

Court may excuse such pretrial notice.

4. Jencks and Giglio Material. The United States agrees to

produce all statements within the meaning of the Jencks Act,

18 U.S.C. §3500, and impeachment evidence within the meaning of

Giglio v. United States, 405 U.S. 150 (1972), sufficiently in

advance of the witness's testimony to avoid delay in the trial.

Similarly, the defense shall produce reverse Jencks statements

sufficiently in advance of the witness's testimony to avoid delay

in the trial.

5. Continuing Duty.  Any duty of disclosure and discovery set

forth herein is a continuing one and the attorneys for all parties

shall produce any additional by the information.

6. Exhibits.  The United States shall pre-mark all exhibits

that it intends to introduce as part of its case-in-chief and shall

permit defense counsel to inspect and copy such exhibits 30 days

prior to trial. A set of such pre-marked exhibits with an exhibit

list should be given to the judge's deputy clerk no later than the

first day of trial. The defendant's exhibits shall also be pre-

marked and, unless otherwise ordered by the Court upon the

defendant's application, shall be disclosed to the United States

within seven (7) days after the United States'disclosure. Defense

counsel, in an appropriate case, may apply to the Court for an

order requiring the United States to pre-mark more than thirty (30)

days in advance of trial.  The United States and the defense shall

also pre-mark all Jencks Act materials and "reverse Jencks"

pursuant to Rule 26.2, Fed. R. Crim. P., so that no trial delay is

encountered.

7. Authenticity of Exhibits. The authenticity of all exhibits

disclosed to and examined by counsel pursuant to the provisions of

paragraph 6 of this Order shall be deemed to have been accepted by

the either the defendant or the United States unless counsel files

with this Court fourteen (14) days prior to the date of trial, a

notice that the authenticity of one or more of the exhibits will be

contested at trial, together with a statement delineating why the

authenticity of the exhibit is being challenged together with a

certification that the challenge to authenticity is being made in

good faith.

8.  Chain of Possession. When counsel has examined an exhibit

disclosed prior to trial pursuant to the provisions of paragraph 6

of this Order, the chain of possession of the exhibit will be

deemed to have been accepted by the either the defendant or the

6

United States unless counsel files with the court fourteen (14) days prior to the date of trial, a notice that the chain of possession of the exhibit will be contested at trial together with a statement delineating that the chain of possession of he the authenticity of the exhibit is being challenged and a certification that the challenge to the chain of possession is being made in good faith.

9. Scientific Analysis. When any party has disclosed the scientific analysis of an exhibit proposed to be introduced at trial by that party, which analysis has been determined by an expert in the field of science involved, then the scientific analysis of the  exhibit will be deemed admitted unless counsel files with the Court, a notice that the fourteen (14) days prior to trial, a notice that the scientific analysis of the exhibit will be contested.

10.   Other Motions by Defendant. Motions regarding defenses or objections permitted pursuant to Rules 12 and 41(e), Fed. R. Crim. P., including, inter alia, motions for suppression of evidence, shall be made within thirty (30) days from the date hereof unless good cause for delay is shown.

11.   Translations. In the event that the United States intends to utilize translations of any conversations, except, coopies or

transcripts of such translations shall be produced for defense

counsel no later than thirty (30) days prior to the date of trial.

The correctness of any such translations or transcript will be

deemed admitted, unless defense counsel serves and files with the

Court, fourteen (14) days prior to the date of trial, a notice that

counsel objects to the translation or transcript, specifying the

portions thereof to which objection is made and counsel's

contentions as to the correct translation.

     12.  All pretrial motions not otherwise specifically provided

for in this or other Orders of the Court in this case will be

deemed waived unless they are filed and served not later than:

       Pretrial motions due:       August 24, 2012

       Opposition due:           September 7, 2012

       Motions returnable:        September 14, 2012 at 1:00pm

       Trial date:             September 17, 2012 at 9:00am

     13. Counsel shall furnish to the Court, five (5) days prior to

the date of trial, requests to charge and proposed voir dire

questions.

Dated: August 10, 2012          s/MARY L. COOPER
                             MARY L. COOPER
                             United States District Judge